[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 04-10711
Non-Argument Calendar

————————————————

D. C. Docket No. 00-00253-CR-1-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MCARTHUR,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama

————————————————

(April 27, 2005)

**ON REMAND FROM
THE UNITED STATES SUPREME COURT**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This case is before us for a third time. On December 4, 2003, this Court first reviewed Anthony McArthur's 87-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). United States v. McArthur, No. 03-12989 (11th Cir. Dec. 4, 2003). We concluded that the district court properly counted McArthur's previous state misdemeanor conviction for carrying a concealed weapon toward his criminal history score even though McArthur was not represented by counsel on that misdemeanor charge. Id. at 3. However, we remanded the case to the district court for the "limited purpose of allowing the district court to exercise its discretion and determine whether it wishes to make McArthur's 87-month sentence concurrent with McArthur's pending, but yet unimposed, state sentence." Id. at 4. The pending, yet unimposed, state sentence arose out of the same facts underlying the federal § 922(g)(1) firearm conviction.

During resentencing on remand, the district court acknowledged that it had the discretion to impose concurrent sentences, but decided to impose consecutive sentences instead. In his appeal after resentencing, McArthur attempted to re-litigate the issue of whether the district court had the discretion to impose a consecutive sentence in the first instance. We affirmed McArthur's sentence, concluding: (1) that the issue McArthur was attempting to re-litigate had already

been decided by this Court in McArthur's first appeal; and (2) that the district court properly limited the scope of the remand to exercising its discretion to determine whether McArthur's sentences would be concurrent or consecutive. United States v. McArthur, No. 04-10711, at 4 (11th Cir. Sept. 29, 2004). We also denied McArthur's "Motion for Leave to File Supplemental Brief and/or Amended Initial Brief" in light of Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), because McArthur had failed to raise a Blakely issue in his initial brief on appeal. Id. at 2 n.1.

McArthur filed a petition for certiorari. The Supreme Court vacated our September 29, 2004 decision and remanded the case to us for further consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

McArthur concedes that he raised an Apprendi/Blakely issue for the first time after filing his initial brief in his second direct appeal following resentencing.[1] In fact, McArthur acknowledges that "[h]e did not assert an Apprendi-based claim at his initial sentencing, in his initial direct appeal, at resentencing, or in his initial brief from resentencing."

Thus, McArthur has abandoned his Apprendi/Blakely/Booker claim, and nothing in the Supreme Court's Booker decision requires us to consider it at this

---

[1]Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

3

late stage.  See United States v. Dockery, – F.3d – , 2005 WL 487735, at *1 (11th Cir. March 3, 2005) (declining to consider Booker issue after remand from Supreme Court when defendant failed to raise any constitutional challenge on appeal); United States v. Levy, 379 F.3d 1241, 1242 (11th Cir. 2004) (declining to consider issue raised for the first time in petition for rehearing); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (declining to consider Apprendi issue after remand from the Supreme Court and stating that "[n]othing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us"); United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief.").

Accordingly, we reinstate our September 29, 2004 opinion, and affirm, once again, McArthur's 87-month sentence after our reconsideration in light of Booker.[2]

---

[2]We note that even if we were to consider McArthur's Booker claim on the merits, we still would not remand for resentencing.  McArthur concedes that he raised no Apprendi/Blakely/Booker claim in the district court, and thus plain-error review would apply. McArthur further concedes that he could not meet the third prong of plain-error review by showing that there is a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." United States v. Shelton, 400 F.3d 1325, 1332 (11th Cir. 2005).

McArthur acknowledges that nothing in the record indicates that the district court would have imposed a lesser sentence if the Guidelines were advisory, and that in fact, the district court sentenced McArthur at the high end of the Guidelines range of 70-87 months' imprisonment and

4

**OPINION REINSTATED; SENTENCE AFFIRMED.**

---

declined to run McArthur's federal sentence concurrent with the unimposed state sentence that arose from the same facts underlying the federal offense. Thus, even if we were to consider McArthur's <u>Booker</u> claim on the merits, the outcome in this case would be the same.