[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2005
THOMAS K. KAHN
CLERK

No. 04-12140
Non-Argument Calendar

_____

D. C. Docket No. 03-00057-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS CALVIN MCCRIMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 2, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v.

Booker, 543 U.S. __, 125 S.Ct 738, __, L.Ed.2d __ (2005). We previously affirmed Appellant Dennis Calvin McCrimon's conviction and sentence. See United States v. McCrimon, No. 04-12140 (Nov. 15, 2004). The Supreme Court vacated the opinion and remanded the case to us for consideration in light of Booker. See McCrimon v. United States, __ S.Ct.__, 2005 WL 92527 2005 WL 363596 (March 21, 2005).

The government indicted McCrimon on two counts: possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm while subject to a domestic violence restraining order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (Count II). Pursuant to a plea agreement, McCrimon plead guilty to Count I. Appellant sought a downward departure, which the district court denied. McCrimon received a 27-month sentence, followed by three years of supervised release and a $100 special monetary assessment. The fine was waived, and the government dismissed Count II of the indictment.

In his direct appeal to this Court, McCrimon challenged his sentence. He did not raise a constitutional challenge to his sentence, nor did he assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny, in either his initial brief. Only later did counsel for

2

McCrimon seek to file a merits brief in light of <u>Blakely v. Washington</u>, 542 U.S. ___ , 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004). Moreover, counsel for the Appellant had previously moved to withdraw from further representation and filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We granted to counsel's motion to withdraw, denied the request to file a <u>Blakely</u> brief, and affirmed McCrimon's sentence and resulting sentence. After this Court affirmed his conviction, McCrimon then petitioned the United States Supreme Court for a writ of certiorari, challenging his sentence.

This Court recently addressed a similar case which had been remanded in light of <u>Booker</u>. <u>See</u> <u>United States v. Dockery</u>, 401 F.3d 1261 (11th Cir. 2005). In <u>Dockery</u>, we observed that the appellant in that case did not raise a constitutional challenge or an argument based on <u>Apprendi</u> or <u>Apprendi</u> principles. <u>See</u> <u>Dockery</u> at 1262. We further noted how we handled cases which were remanded with instructions to reconsider in light of <u>Apprendi</u>:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

3

Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990 (11th Cir.),

cert. denied, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001).

Because he made no arguments in his initial brief raising Booker/Apprendi

issues, the Appellant has abandoned those issues on appeal. Accordingly, we

reinstate our previous opinion in this case and affirm, once again, the Appellant's

sentence after our reconsideration in light of Booker, pursuant to the Supreme

Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**