[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 3, 2005
THOMAS K. KAHN
CLERK

No. 03-16388
Non-Argument Calendar

D. C. Docket No. 03-00011-CR-1-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY DOCKERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 3, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant's sentence. <u>See</u> <u>United States v. Dockery</u>, Case No. 03-16388 (11th Cir. Sept. 16, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of <u>Booker</u>.

On appeal, Appellant challenges his 87-month sentence, imposed pursuant to his guilty plea, for knowingly transporting child pornography through the Internet by computer, in violation of 18 U.S.C. § 2252A(a)(1). In his initial brief, Dockery argued that the district court erred by enhancing his sentence, pursuant to U.S.S.G. § 2G2.2(b)(4), because he did not engage in a pattern of activity involving the attempted sexual abuse or exploitation of a minor, within the meaning of § 2G2.2(b)(4). More specifically, Appellant asserted that because he did not show up for Internet-arranged meetings with the minors, he took no "substantial step" toward the alleged criminal conduct. Appellant did not raise a constitutional challenge to his sentence, nor did he assert error based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the <u>Apprendi</u> principle.

In <u>United States v. Ardley</u>, 242 F.3d 989 (11th Cir.), <u>cert</u>. <u>denied</u>, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our

opinion in light of <u>Apprendi</u>, we observed the following:

> Nothing in the <u>Apprendi</u> opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the <u>Apprendi</u> issue had been timely raised in this Court. In the absence of any requirement to the contrary in either <u>Apprendi</u> or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

<u>Id.</u> at 990 (citations omitted); <u>see</u> <u>also</u> <u>United States v. Nealy</u>, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [<u>Apprendi</u>] indictment issue by not raising the issue in his initial brief."). In the initial brief in this case, Appellant likewise asserted no such <u>Apprendi</u> (or its progeny) challenge to his sentence.

Accordingly, we reinstate our previous opinion in this case and affirm, once again, Appellant's sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED IN PART; SENTENCE AFFIRMED.**