[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-14099
Non-Argument Calendar

_____

D. C. Docket No. 02-00718-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN F. TRIPLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 10, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**


Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). We previously affirmed Triplett's conviction and sentence. *See United States v. Triplett*, No. 03-14099 (11th Cir. Feb. 25, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*.

Triplett did not raise a Sixth Amendment objection – or any other constitutional or legal objection based on the issues addressed by the Supreme Court in *Booker*, or *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004) – either in the district court or in this court on appeal of his conviction and sentence. Nor did Triplett dispute any of the underlying facts on which his sentence rested. Following our affirmance of Triplett's conviction and sentence, Triplett petitioned for rehearing, but again did not raise any *Booker/Blakely* claim. This court denied the petition for rehearing on April 26, 2004.

Triplett filed a petition for writ of certiorari in the United States Supreme Court on July 22, 2004, in which he raised as an issue for the first time "[w]hether or not judicial enhancements pursuant to the United States Sentencing Guidelines constitute a denial of the Sixth Amendment right to trial by jury."

In *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005), after the Supreme Court's remand with instructions to reconsider our opinion in light of

*Booker*, we relied on our earlier case of *United States v. Ardley*, 242 F.3d 989 (11th Cir. 2001), which observed:

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. . . . In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*Yardley*, 242 F.3d at 990 (citations omitted). Thus, because *Dockery* had not asserted an *Apprendi* (or its progeny) challenge to his sentence, we reinstated our previous opinion. *Dockery*, 401 F.3d at 1263.

After our reconsideration of this case in light of *Booker*, we reinstate our previous opinion in this case and affirm Triplett's conviction and sentence. Like the appellant in *Dockery*, Triplett did not assert *Apprendi* error (or its progeny) in his initial brief on appeal.

**OPINION REINSTATED IN PART; CONVICTION AND SENTENCE AFFIRMED.**