**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Marshall Joseph BALDWIN,**
Defendant–Appellant.

No. 04–10508.

Non–Argument Calendar

D.C. Docket No. 03–00051–CR–CG.

United States Court of Appeals,
Eleventh Circuit.

May 11, 2005.

Maria E. Murphy, Leigh Lichty Pipkin, U.S. Attorney's Office, Mobile, AL, for Plaintiff–Appellee.

Kristen Gartman Rogers, Carlos Alfredo Williams, Federal Defender Org., Mobile, AL, for Defendant–Appellant.

Before BIRCH, DUBINA and BLACK, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM.

This case is before the Court for consideration in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We previously affirmed Baldwin's conviction and sentence. *See United States v. Baldwin,* 116 Fed.Appx. 252 (11th Cir.2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In his initial brief on direct appeal, Baldwin did not assert error based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or applying the *Apprendi* principle. However, Baldwin sought permission to file an amended brief to raise a claim the Guidelines were unconstitutional under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We denied Baldwin's motion to file an amended brief.

In *United States v. Dockery,* 401 F.3d 1261, 1262—63 (11th Cir.2005), after the Supreme Court's remand with instructions to reconsider our opinion in light of *Booker,* we relied on our earlier case of *United States v. Ardley,* 242 F.3d 989 (11th Cir.),

*cert. denied,* 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001), which observed:

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*Ardley,* 242 F.3d at 990 (citations omitted). Thus, because Dockery had not asserted an *Apprendi* (or its progeny) challenge to his sentence, we reinstated our previous opinion. *Dockery,* 401 F.3d at 1263.

In *United States v. Nealy,* 232 F.3d 825, 830 (11th Cir.2000), we denied Nealy's attempt to raise an *Apprendi*-based argument for the first time by filing a supplemental brief. We noted that "[p]arties must submit all issues on appeal in their initial briefs." *Nealy* held supplemental briefs will be authorized only when intervening decisions or new developments arise after the moving party's brief has been filed, and only when that new authority relates to an issue already properly raised in the party's initial brief. *Nealy* further held "parties cannot properly raise new issues at supplemental briefing, even if the [new] issues arise based on the intervening decisions or new developments cited in the supplemental authority." *Id.*

Because Baldwin did not assert error based on *Apprendi* (or its progeny) in his initial brief on appeal, we reinstate our previous opinion in this case and affirm Baldwin's conviction and sentence after our reconsideration in light of *Booker,* pursuant to the Supreme Court's mandate.

**OPINION REINSTATED IN PART; AFFIRMED IN PART.**