[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-11086
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-20907-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

VICTOR PADILLA,
a.k.a. Victor Manuel Padilla,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 11, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v.

Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). We previously affirmed Appellant's 46-month sentence, imposed after his plea of guilty, for conspiracy to import 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 952(a), 960(b)(2). See United States v. Padilla, Case No. 04-11086 (11th Cir. Dec. 29, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker.

In his initial brief, Appellant argued that, because he was a hired employee and did not have an ownership interest in the marijuana he attempted to import or the vessel which he used in this smuggling attempt, the district court erred by denying his request for a two-level reduction in offense level for playing a minor role in the offense, pursuant to U.S.S.G. § 3B1.2. Notably, he raised no constitutional sentencing challenge, nor did he otherwise assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the Apprendi principle.

In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of Apprendi, we observed the following:

Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's

2

remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."). We recently extended the foregoing rule to preclude untimely challenges based on Booker. See United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005).

In his initial brief in this case, Padilla asserted no Apprendi (or its progeny) challenge to his sentence. Accordingly, we reinstate our previous opinion in this case and affirm, once again, Padilla's sentence after our reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**