[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15444
Non-Argument Calendar

_____

D.C. Docket No. 03-14022-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER LEEANN LYTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We previously affirmed Lytle's conviction and sentence. *See United States v. Lytle*, Case No. 03-15444 (11th Cir. Jul. 22, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In her initial brief on direct appeal, Lytle did not assert error based on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), or any other case extending or applying the *Apprendi* principle. However, Lytle sought permission to file a supplemental brief to raise a claim the Guidelines were unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We denied Lytle's motion to file a supplemental brief.

In *United States v. Dockery*, 401 F.3d 1261, 1262–63 (11th Cir. 2005), after the Supreme Court's remand with instructions to reconsider our opinion in light of *Booker*, we relied on our earlier case of *United States v. Ardley*, 242 F.3d 989 (11th Cir.), *cert. denied*, 121 S. Ct. 2621 (2001), which observed:

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply

2

our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*Ardley*, 242 F.3d at 990 (citations omitted). Thus, because Dockery had not asserted an *Apprendi* (or its progeny) challenge to his sentence, we reinstated our previous opinion. *Dockery*, 401 F.3d at 1263.

In *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000), we denied Nealy's attempt to raise an *Apprendi*-based argument for the first time by filing a supplemental brief. We noted that "[p]arties must submit all issues on appeal in their initial briefs." *Nealy* held supplemental briefs will be authorized only when intervening decisions or new developments arise after the moving party's brief has been filed, and only when that new authority relates to an issue already properly raised in the party's initial brief. *Id. Nealy* further held "parties cannot properly raise new issues at supplemental briefing, even if the [new] issues arise based on the intervening decisions or new developments cited in the supplemental authority." *Id.*

Because Lytle did not assert error based on *Apprendi* (or its progeny) in her initial brief on appeal, we reinstate our previous opinion in this case and affirm

Lytle's conviction and sentence after our reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED IN PART; AFFIRMED IN PART**.