[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16330
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-14038-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTINE EWAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2005)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Valentine Ewar appeals his 46-month sentence, imposed after he pled guilty to illegal reentry by an aggravated felon after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). Because the district court was not required to hold a resentencing hearing or give Ewar an opportunity to allocute when it vacated his original sentence and reimposed the exact same sentence in order to allow Ewar to file an out-of-time appeal, the district court did not err. Accordingly, we **AFFIRM**.

## I. BACKGROUND

In July 2000, a federal grand jury returned a one-count indictment charging Ewar with unlawfully reentering the United States. In January 2001, Ewar entered into a written plea agreement, whereby he would enter a plea of guilty to the sole count of the indictment. At the sentencing hearing, Ewar stated that he had no objections to the presentence investigation report. Ewar's counsel proceeded with the allocution on Ewar's behalf. The district court advised Ewar that he could say whatever he liked on his own behalf, but Ewar declined. The district court sentenced Ewar to the low end of the Federal Sentencing Guidelines ("guidelines") range, 46 months' imprisonment, followed by two years' supervised release. The district court elicited objections to the sentence, but Ewar's counsel

2

stated that there were no objections. The district court advised Ewar that he must appeal within 10 days. No appeal was taken.

Ewar filed a pro se 28 U.S.C. § 2255 motion to vacate, alleging ineffective assistance of counsel because, among other things, counsel failed to file a notice of appeal on his behalf. Relying on United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), the district court granted Ewar's § 2255 motion "for the sole purpose of enabling Valentine Ewar to file a notice of appeal in his criminal case." R1-30 at 1. The district court vacated Ewar's sentence and reimposed the same sentence. The court also advised Ewar that he (a) had the right to appeal the reimposed sentence, and (b) must appeal within 10 days if he intended to do so. Ewar then filed the instant appeal.

On appeal, Ewar argues that the district court improperly resentenced him in his and his counsel's absence and without affording Ewar the right of allocution. He maintains that the district court erred by summarily resentencing him by an order entered in chambers without any notice or hearing. Ewar also contends that Phillips does not require the district court to reimpose the sentence originally imposed but only states that the same sentence "should" be reimposed. Finally, he argues that because two years had passed between the initial and second

3

sentencing, and the second sentence was imposed by a different judge, fairness required that Ewar be allowed to personally address the district court.

## II. DISCUSSION

We review the legality of a criminal sentence de novo. United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002). We have determined that "[w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i) [of the Federal Rules of Appellate Procedure]." Phillips, 225 F.3d at 1201.

In the present case, the district court did not err by resentencing Ewar without holding a hearing or giving him the opportunity to allocute. Phillips required the district court to resentence Ewar to the same sentence originally imposed on him and did not require the district court to hold a resentencing hearing where Ewar would have had the opportunity to allocute. The district court

4

properly followed the procedure outlined in <u>Phillips</u> as the court, in its order granting Ewar's § 2255 motion for the purpose of allowing him to file an out-of-time appeal, vacated the original sentence, imposed the exact same sentence, and advised Ewar of the rights and time limitations associated with the appeal. Further, principles of fairness did not require that Ewar be given the opportunity to allocute before the district court imposed the same sentence because the sole purpose of the resentencing was to permit Ewar to pursue a direct appeal and instruct him on the rights associated with that appeal, which was accomplished by the district court's order.[*]  Thus, as the district court was not required to hold a hearing or allow Ewar an opportunity to allocute.

### III.  CONCLUSION

A careful review of the record and the applicable law compels the conclusion that Ewar's sentence is due to be **AFFIRMED.**

---

[*]Ewar did not raise in the district court, in his initial brief, nor in a motion to file a supplemental brief a constitutional or statutory challenge to the calculation of his sentence under the Federal Sentencing Guidelines.  As such, any possible claim based on the U.S. Supreme Court's recent decisions in <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___ (2005), and <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), has been abandoned.  <u>See</u> <u>United States v. Dockery</u>, No. 03-16388 (11th Cir. Mar. 3, 2005) (holding that appellant abandoned his <u>Booker</u> claim on appeal by not raising a timely constitutional challenge to his sentence in his initial brief).