[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2005
THOMAS K. KAHN
CLERK

No. 02-15919
Non-Argument Calendar

_____

D.C. Docket No. 01-00212-CR-T-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO GOMES RIVAS,
a.k.a. Gustavo Gomes,
CRISTINO MENDOZA GOMES,
a.k.a. Cristino Mendoza,
PEDRO AGUIRRE ZATISAVAL,
a.k.a. Pedro Aguirrez,
JESUS PORTOCARRERO CANA,
a.k.a. Jesus Portokaero,
JOSE MURILLO KACHIMBO,
a.k.a. Jose Akhin Murillo

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 1, 2005)

## ON REMAND FROM THE
## SUPREME COURT OF THE UNITED STATES

Before WILSON and KRAVITCH, Circuit Judges, and GOLDBERG[*], Judge.

PER CURIAM:

Gustavo Gomes Rivas, Cristino Mendoza Gomes, Pedro Aguirre Zatisaval, Jesus Portocarrero, and Jose Murillo Kachimbo were convicted of conspiring to possess and possessing with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. § 1903 and 21 U.S.C. § 960. Each was sentenced to 235 months imprisonment. On January 20, 2004, we affirmed the convictions and sentences. Notably, none of the defendants-appellants challenged the constitutionality of their sentences before the district court or this court.[1] The Supreme Court granted certiorari, vacated our opinion and remanded the case to us for reconsideration in

_____

[*] Honorable Richard w. Goldberg, United States Court of International Trade, sitting by designation.

[1] We issued our opinion affirming the convictions and sentences before the U.S. Supreme Court decided Booker and Blakely v. Washington, 542 U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Nevertheless, the defendants-appellants could have challenged the constitutionality of their sentences by arguing that any facts that increased their sentences be proven to a jury beyond a reasonable doubt. See United States v. Dowling, No. 04-10464, manuscript op. at 6-10 (11th Cir. Mar. 23, 2005) (explaining the manner in which a defendant may preserve challenges to the constitutionality of a sentence).

light of <u>United States v. Booker</u>, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because the defendants-appellants did not raise constitutional challenges to the sentences before the district court or this court, any possible claim based on the Supreme Court's recent decisions in <u>Booker</u> has been abandoned. <u>See</u> <u>United States v. Dockery</u>, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (holding that appellant abandoned his <u>Booker</u> claim on appeal by not raising a timely constitutional challenge to his sentence in his initial brief).

Accordingly, we **AFFIRM**.