[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-13876
Non-Argument Calendar
_____

D. C. Docket No. 02-00588-CR-J-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY WAYNE WREN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 1, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of Jerry Wayne Wren regarding the propriety of his conviction and sentence for attempted possession of marijuana with the intent to distribute is on remand from the Supreme Court of the United States for further consideration in the light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005). See Wren v. United States, — U.S. —, 125 S. Ct. 1868 (2005). We previously affirmed Wren's conviction. United States v. Wren, No. 03-13876 (Dec. 16, 2004). After reconsideration, we affirm Wren's sentence and reinstate our previous opinion.

The decision of the Supreme Court in Booker does not change our resolution of this appeal. In Wren's initial brief to this Court, Wren did not make any argument about the Apprendi/Blakely line of cases. Instead, Wren first presented an argument regarding the Sentencing Guidelines in his petition for writ of certiorari. Nothing in Booker or the remand order of the Supreme Court "requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us ... [or] treat the case as though the [Booker] issue had been timely raised in this Court." United States v. Dockery, 401 F.3d 1261, 1262 (11th Cir. 2005). We therefore, "apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned," id. at 1262-63, and conclude that Ware abandoned any arguments he may have under Booker.

2

After reconsideration, we again affirm and reinstate our previous opinion.

**OPINION REINSTATED; AFFIRMED.**