[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15259
Non-Argument Calendar

_____

D.C. Docket No. 03-00268-CR-BE-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 2, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

(June 2, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit

PER CURIAM:

In this appeal, Oliver Coleman seeks the vacation of his conviction of

conspiracy to possess with intent to distribute and to distribute Dilaudid pills, in

violation of 21 U.S.C. § 846, and a new trial.[1] He is entitled to a new trial, he contends, because the district court erroneously admitted into evidence a transcript of a taped phone conversation that included a synopsis prepared by the Government identifying him as the supplier of the drugs. Because Coleman failed to object to the introduction of the transcript, we review its presence before the jury only for plain error. See United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

We may vacate a conviction for plain error if (1) an error occurred, that (2) was plain, (3) affected the defendant's substantial rights, and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 732-36, 113 S.Ct. at 1777-79. Coleman points us to no rule of law that specifically precludes the admission into evidence of a transcript prefaced by an arguably prejudicial government-prepared synopsis. In his brief, Coleman cites no precedent indicating that the introduction of the transcript into evidence constituted error. It follows, then, that the admission of the transcript, if

---

[1] In his reply brief, Coleman challenges his sentence under Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He did raise the Blakely issue in a pro se filing, which, in effect, supplemented his attorney's initial brief. This court's Clerk's Office, however, refused to accept Coleman's pro se supplemental filing because he was represented by counsel. In sum, Coleman failed to present his Blakely challenge in his initial brief, and it has been abandoned. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (holding that appellant abandoned his Booker claim on appeal by not raising a timely constitutional challenge to his sentence in his initial brief).

erroneous, was not <u>plainly</u> erroneous.  Finally, Coleman fails to show us how this evidence affected his substantial rights.

AFFIRMED.