[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15798
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00057-CR-LAC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DECARLOS ANTJUAN MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 7, 2005)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738 (2005). We previously affirmed Appellant Decarlos Antjuan Mitchell's ("Mitchell") sentence. The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of <u>Booker</u>.

Mitchell appealed his 264-month sentence following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Mitchell challenges his sentence on the basis that the district court erred by enhancing his sentence under the armed career criminal provision, U.S.S.G. § 4B1.4 and by finding that he was subject to enhanced penalties under 18 U.S.C. § 924(e). Mitchell did not raise a constitutional challenge to his sentence, nor did he assert error based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny.

This Court recently addressed a similar case which had been remanded in light of <u>Booker</u>. See <u>United States v. Dockery</u>, 2005 WL 487735 (11th Cir. March 3, 2005). In <u>Dockery</u>, we observed that the appellant in that case did not raise a constitutional challenge or an argument based on <u>Apprendi</u> or <u>Apprendi</u> principles. See <u>Dockery</u> at *1. We further noted the manner in which we handled cases that had

been remanded with instructions to reconsider in light of <u>Apprendi</u>:

> Nothing in the <u>Apprendi</u> opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the <u>Apprendi</u> issue has been timely raised in this Court. In the absence of any requirement to the contrary in either <u>Apprendi</u> or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

<u>Id.</u> (quoting <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11ᵗʰ Cir.), <u>cert.</u> <u>denied</u>, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001)).

Because he made no arguments in his initial brief raising <u>Booker/Apprendi</u> related issues, Mitchell has abandoned those issues on appeal. Accordingly, we reinstate our previous opinion in this case and affirm, once again, Mitchell's sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**

TJOFLAT, Circuit Judge, concurring specially:

The Supreme Court vacated our judgment in this case and remanded the case for further consideration in light of <u>United States v. Booker</u>. Citing <u>United States v.</u>

Ardley, which constitutes binding precedent, the court refuses to carry out this assignment because appellant failed to raise in his initial brief the issue Booker resolves;[1] he "abandoned" the issue. Ante at ___. He is deemed to have abandoned, or waived, it even though the issue had been explicitly foreclosed by binding precedent and no one anticipated the Supreme Court's ruling in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004), the rationale of which Booker adopted.

In United States v. Levy, 391 F.3d 1327, 1335 (11th Cir. 2004), in dissenting to the court's refusal to reconsider en banc the Ardley abandonment/waiver holding, I explained the fallacy of that holding in the scenario we are faced with here—a remand from the Supreme Court with instructions to reconsider the issue the appellant has raised. But for the binding precedent created by Ardley and Levy, I would carry out the Court's mandate and consider the issue in light of Booker.

---

[1] Appellant raised the issue in his petition for rehearing. We summarily denied the petition in a one-line order.