[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16108

_____

D.C. Docket No. 03-00083-CR-T-26-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, HULL and RONEY, Circuit Judges.

PER CURIAM:

On January 24, 2005, the Supreme Court granted Luis Morales's petition for

writ of certiorari and vacated our decision dismissing his appeal of the district

court's 168-month sentence based on a guilty plea, for conspiracy to possess with

intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The Court remanded the case to us for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Both parties have submitted supplemental letter briefs addressing the implications of *Booker*, if any, to the facts and circumstances of this case. This Court has recently reaffirmed its "'well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.'" *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (quoting *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001)). Although neither *Blakely v. Washington*, 124 S. Ct. 2531 (2004) nor *Booker* had been decided at the time of the filing of Morales's initial brief in this Court, it is undisputed that Morales had failed to challenge the constitutionality of the sentencing guidelines or his sentencing proceeding in general pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in his initial brief in this Court. His *Booker* claim challenging his sentence is therefore deemed abandoned. *See Dockery*, 401 F.3d at 1262-63.

Accordingly, after our reconsideration of this case in light of *Booker*, we reinstate our previous opinion and affirm Morales's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**