[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 02-12378
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00028-CR-3-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL EDWARD TOUCHSTONE,
ROSCOE WALTON, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(July 1, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v.

<u>Booker</u>, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant Walton's conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), 846 and 851, and 235-month sentence. <u>See</u> <u>United States v. Touchstone & Walton</u>, Case No. 02-12378, 97 Fed. Appx. 904 (11th Cir. 2004) (Table). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of <u>Booker</u>.

In his initial brief, Walton argued that: (1) the district court constructively amended the indictment by its response to a jury question; (2) the district court's calculation of drug quantity, for purposes of determining his sentencing guideline, was based on hearsay evidence; and (3) the evidence did not support the district court's sentencing him as a leader or manager of the conspiracy. Notably, Walton raised no constitutional sentencing challenge, nor did he otherwise assert error based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the <u>Apprendi</u> principle.

In <u>United States v. Ardley</u>, 242 F.3d 989 (11th Cir.), <u>cert.</u> <u>denied</u>, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of <u>Apprendi</u>, we observed the following:

> Nothing in the <u>Apprendi</u> opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's

2

remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."). We recently extended the foregoing rule to preclude untimely challenges based on Booker. See United States v. Dockery, __ F.3d __, 2005 WL 487735 (11th Cir. Mar. 3, 2005). In his initial brief in this case, Walton asserted no such Apprendi (or its progeny) challenge to his sentence.

Accordingly, we reinstate our previous opinion in this case and affirm, once again, Walton's conviction and sentence after our reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**