[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 07, 2005
THOMAS K. KAHN
CLERK

No. 03-15747
Non-Argument Calendar
_____

D. C. Docket No. 01-00054-CR-8-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONSTANTINO DUARTE-BENITEZ,
a.k.a Dino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 7, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. _, 125 S. Ct. 738 (2005). We previously affirmed Duarte-Benitez's sentence. See United States v. Duarte-Benitez, No. 03-15747 (11th Cir. Nov. 8, 2004). The Supreme Court vacated our opinion and remanded the case to us for further consideration in light of Booker. Duarte-Benitez v. United States, _ U.S. _, 125 S. Ct. 1360 (2005).

On direct appeal, Duarte-Benitez did not assert error on the basis of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending or applying the Apprendi principle in his initial brief or during the time allowed to file a reply brief.[1]

In United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005) (per curiam), we addressed a similar situation: a remand from the Supreme Court with instructions to consider our opinion in light of Booker in an appeal in which the appellant did not timely raise either a constitutional or Apprendi challenge to his sentence. Id. at 1262. We applied "our well-established rule that issues . . . not timely raised in the briefs are deemed abandoned," reinstated our previous opinion,

---

[1] On 30 June 2004, Duarte-Benitez filed a supplemental authority, arguing that his Sixth Amendment rights were violated because his aggravating role was not determined beyond a reasonable doubt by a jury and citing Blakely v. Washington, 542 U.S. _, 124 S. Ct. 2531 (2004). We granted the government's motion to strike because the supplemental authority raised an issue not previously raised in Duarte-Benitez's initial brief. See Duarte-Benitez, slip at 10-11.

and affirmed Dockery's sentence. <u>Id.</u> at 1262-63 (quoting <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam)). Such is the procedure we will follow in this case because Duarte-Benitez failed to raise an <u>Apprendi</u> challenge to his sentence in his initial brief.

We reinstate our previous opinion and, upon reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's remand, affirm Duarte-Benitez's sentence.

OPINION REINSTATED; SENTENCE AFFIRMED.