[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14580
Non-Argument Calendar
_____

D. C. Docket No. 04-06027-TP-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAV WALTER KLOSZEWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2005)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Gustav Walter Kloszewski appeals his five-year sentence stemming from the

revocation of his term of supervised release. After review, we affirm.

In April 1997, Kloszewski was convicted of: (1) two counts of conspiracy to possess cocaine with intent to distribute; (2) one count of being an accessory after the fact to an attempted extortion; and (3) one count of conspiracy to import five kilograms or more of cocaine. Kloszewski was sentenced to 96 months' imprisonment, followed by three years' supervised release.

On October 16, 2002, Kloszewski's sentence was reduced to time served. On the same day, the district court issued an amended judgment showing that Kloszewski's term of imprisonment was reduced to time served and that, upon release from imprisonment, Kloszewski would be on supervised release for three years on each count to run concurrently.

On June 23, 2004, the Probation Office petitioned the district court for a warrant for Kloszewski's arrest and revocation of supervised release.[1] After a revocation hearing, the district court concluded that Kloszewski committed multiple violations of the terms of his supervised release by issuing two forged checks and opening a fraudulent line of credit. The district court further

---

[1]Although Kloszewski was originally convicted in the Western District of North Carolina, the government moved to revoke Kloszewski's supervised release in the Southern District of Florida after jurisdiction was transferred to the Southern District of Florida. See 18 U.S.C. § 3605 ("A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.").

determined that any or all of the violations justified revocation of Kloszewski's supervised release.

Upon concluding that Kloszewski violated the terms of his supervised release, the district court noted that the recommended guidelines range was 21-27 months' imprisonment. However, the district court also noted "that the chapter seven guidelines (dealing with violations of supervised release) are merely advisory and that they are not binding on the court."

After considering the factors set forth in 18 U.S.C. § 3553(a), the district court revoked Kloszewski's supervised release and sentenced Kloszewski to a total sentence of five years' imprisonment: five years' imprisonment for the conspiracy to distribute offenses and two years' imprisonment for the accessory and conspiracy to import offenses, all to run concurrently.

On appeal, Kloszewski argues that the district court lacked jurisdiction to revoke his supervised release.[2] According to Kloszewski, the district court eliminated any term of supervised release when it reduced his original sentence to time served.

---

[2]For the first time in his reply brief, Kloszewski asserts that his five-year sentence is illegal because it violates ex post facto principles and exceeds the statutory maximum term of supervised release as provided at the time of his conviction. However, an appellant may not raise an issue for the first time in a reply brief. See United States v. Dockery, 401 F.3d 1261, 1262-1263 (11th Cir. 2005), pet. for cert filed, No. 05-5714 (Aug. 5, 2005). As a result, we do not consider these arguments.

We readily conclude that the district court had jurisdiction to revoke Kloszewski's supervised release. Although the district court reduced Kloszewski's sentence to time served, the amended judgment specifically stated that Kloszewski was still subject to three years' supervised release upon his release from prison. Kloszewski was initially released from prison on October 16, 2002. Therefore, Kloszewski was still on supervised release when the Probation Office sought to revoke his supervised release on June 23, 2004.

Next, Kloszewski asserts that, in light of United States v. Booker, 125 S. Ct. 738 (2005), both his original sentence in 1997 and his five-year sentence in 2004 were unconstitutional.[3] We conclude that both of Kloszewski's arguments fail.

To the extent Kloszewski is attempting to challenge his original sentence based on Booker, "a defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense." United States v. White, 416 F.3d 1313, 1314 (11th Cir. 2005).

As for Kloszewski's claim that the district court violated Booker when it sentenced him to five years' imprisonment for violations of his supervised release, this Court has not specifically concluded whether Booker applies to sentences

---

[3]In the district court Kloszewski challenged the court's ability to sentence him in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and, thus, we review his argument on appeal regarding Booker de novo. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005).

4

imposed for violations of supervised release. However, even if we assume Booker applies to violations of supervised release, Kloszewski is not entitled to a remand.

In Booker, the Supreme Court held "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).[4]

The guideline provisions applicable to the revocation of supervised release were advisory prior to Booker, and the district court in this case recognized the advisory nature of the applicable guidelines in deciding to sentence Kloszewski to a sentence outside of the recommended guidelines range. Thus, the government argues that Booker has no application at all to revocation hearings. However, even assuming Booker applies, any alleged Booker error is harmless because the district court sentenced Kloszewski under an advisory guidelines scheme and specifically considered the factors in § 3553(a). Specifically, the district court concluded that the nature and circumstances of Kloszewski's offenses were very serious felonies.

_____

[4]This Court has determined that there are two types of Booker error: constitutional error and statutory error. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). "The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined." Id. (internal quotations omitted). "The statutory error occurs when the district court sentenced a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. (internal quotations omitted).

Furthermore, the district court detailed Kloszewski's extensive criminal history, describing Kloszewski as "a con man," and found that his history and characteristics were aggravating circumstances. The district court also indicated that it believed Kloszewski would continue to prey on the public. Finally, the district court concluded there was no need to mitigate Kloszewski's sentence and that the guidelines range was inadequate.

For all the above reasons, we affirm Kloszewski's concurrent five-year and two-year sentences.

AFFIRMED.