[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15611
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00055-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE F. McCOMBS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 22, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738 (2005). We previously affirmed. <u>See</u> <u>United States v. McCombs</u>, No. 0315611 (11th Cir. July 30, 2005) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of <u>Booker</u>. Appellant challenges his 87-month sentence, imposed pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In his initial brief, McCombs argued that the district court plainly erred by violating Rule 11 of the Federal Rules of Criminal Procedure because the court failed to advise him during his plea colloquy of (1) the mandatory $100 special monetary assessment, (2) the right to counsel at sentencing, and (3) the right to testify and present evidence at trial.

Appellant did not raise a constitutional challenge to his sentence, nor did he assert error based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or applying the <u>Apprendi</u> principle in his initial brief. McCombs first mentioned a constitutional sentencing error in his petition for rehearing en banc. In <u>United States v. Ardley</u>, 242 F.3d 989 (11th Cir.), <u>cert. denied</u>, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of <u>Apprendi</u>, we declined to review the <u>Apprendi</u> issue because it was not presented in

2

the appellant's initial brief.  Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir.2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief.").  Recently, we applied Ardley to a post-Booker remand and found that the defendant had abandoned his Booker claim because he failed to raise it at the district court or in his initial brief. United States v. Dockery, __F.3d__, 2005 WL 487735 (11th Cir. Mar. 3, 2005).  Our opinion affirming sentence in this case is accordingly REINSTATED.

TJOFLAT, Circuit Judge, specially concurring:

United States v. Ardley and its progeny require that we treat appellant as having waived/abandoned his Booker claim because his lawyer failed to raise it in his initial brief on appeal.  I therefore concur in the court's judgment.  Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's claim.  See United States v. Higdon, 2005 U.S.App. LEXIS, at *17 (11th Cir. July 8, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc).