[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2005
THOMAS K. KAHN
CLERK

No. 03-10655
Non-Argument Calendar
_____

D.C. Docket No. 01-00239-CR-J-21-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JOHNSON,
a.k.a. Carl M. Neely,
a.k.a. Reginald S. Daniels,
a.k.a. William Fritz,
a.k.a. Maurice J. Nutt,
DARREN LAMONT KEYS,
a.k.a. Roderick Bremby,
a.k.a. Mark R. Estep,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 2, 2005)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, MARCUS and COX, Circuit Judges.

PER CURIAM:

This case is before the court for reconsideration in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). A jury found the defendant guilty of multiple counts involving fraud, identity theft, and conspiracy, and sentenced him to a total of 137 months' imprisonment and 60 months' supervised release. We previously affirmed the defendant's convictions and sentences. *See United States v. Johnson,* 97 Fed. Appx. 904 (11th Cir. 2004) (Table Decision). The Supreme Court vacated our prior decision and remanded the case to us for reconsideration in light of *Booker*. *Keys v. United States*, 125 S. Ct. 1052 (2005). For the reasons that follow, we reinstate our prior decision affirming the defendant's convictions and sentences.

Our circuit precedent holds that any argument not raised in a party's initial brief is considered abandoned. *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005), *cert. denied*, Case No. 05-5714 (Oct. 11, 2005). The *Booker* decision did nothing to abrogate that well-settled rule. *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2005). In his initial appellate brief, the defendant raised three issues: (1) insufficiency of the evidence, (2) noncompliance with

2

U.S.S.G. §4A1.3 in issuing an upward sentencing departure, and (3) violation of the Due Process Clause due to insufficient notice of the Government's intent to seek an upward departure. Nowhere in the defendant's initial appellate brief did he raise any issue regarding the constitutionality of the United States Sentencing Guidelines or the violation of his Sixth Amendment right to trial by jury. Nor did the defendant rely on or even refer to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), or its progeny. Thus, the defendant abandoned his *Booker* argument. Accordingly, we reinstate our prior opinion affirming the defendant's convictions and sentences.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**

TJOFLAT, Circuit Judge, specially concurring:

The court declines to consider appellant's <u>Booker</u> claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that reason. <u>See</u> <u>United States v. Dockery</u>, 401 F.3d 1261, 1262-63 (11th Cir. 2005). I therefore concur in the court's judgment.

Were we writing on a clean slate, I would, for the reasons I have previously expressed, <u>see</u> <u>United States v. Higdon</u>, 418 F.3d 1136, 1142 (11th Cir. 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc), entertain appellant's <u>Booker</u> claim on the merits. Otherwise, the claim will likely resurface in a proceeding initiated by appellant pursuant to 28 U.S.C. § 2255, in which he contends that his lawyer denied him effective assistance of counsel when he failed to anticipate <u>Booker</u>'s holding and include a <u>Booker</u>-type claim in his initial brief. <u>See</u> <u>United States v. Vanorden</u>, 414 F.3d 1321, 1323 (11th Cir. 2005) (Tjoflat, J., specially concurring). It is obvious, at least to me, that it would be far more efficient to entertain the ineffective-assistance claim now rather than require the district court to hear and rule on the claim which, if denied, would certainly be back on our doorstep with an application for a certificate of appealability (if the district court failed to grant one) and a full-blown appeal.