ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
PER CURIAM:
This case is before the court for reconsideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A jury found the defendant guilty of multiple counts involving fraud, identity theft, and conspiracy, and sentenced him to a total of 137 *668 months’ imprisonment and 60 months’ supervised release. We previously affirmed the defendant’s convictions and sentences. See United States v. Johnson, 97 Fed. Appx. 904 (11th Cir.2004) (Table Decision). The Supreme Court vacated our prior decision and remanded the case to us for reconsideration in light of Booker. Keys v. United States, — U.S. -, 125 S.Ct. 1052, 160 L.Ed.2d 1043 (2005). For the reasons that follow, we reinstate our prior decision affirming the defendant’s convictions and sentences.
Our circuit precedent holds that any argument not raised in a party’s initial brief is considered abandoned. United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005), cert. denied, Case No. 05-5714 (Oct. 11, 2005). The Booker decision did nothing to abrogate that well-settled rule. United States v. Ardley, 242 F.3d 989, 990 (11th Cir.2001). In his initial appellate brief, the defendant raised three issues: (1) insufficiency of the evidence, (2) noncompliance with U.S.S.G. § 4A1.3 in issuing an upward sentencing departure, and (3) violation of the Due Process Clause due to insufficient notice of the Government’s intent to seek an upward departure. Nowhere in the defendant’s initial appellate brief did he raise any issue regarding the constitutionality of the United -States Sentencing Guidelines or the violation of his Sixth Amendment right to trial by jury. Nor did the defendant rely on or even refer to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny. Thus, the defendant abandoned his Booker argument. Accordingly, we reinstate our prior opinion affirming the defendant’s convictions and sentences.
OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.