[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2006
THOMAS K. KAHN
CLERK

No. 03-16538
Non-Argument Calendar

_____

D. C. Docket No. 03-00091-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN DECARLO, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(March 23, 2006)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, MARCUS and COX, Circuit Judges.

PER CURIAM:

This case is before the court for reconsideration in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Along with co-defendant Lamont Wendel Smith, Defendant Julian DeCarlo, Jr. was convicted and sentenced for conspiring to distribute cocaine hydrochloride and possessing a firearm in furtherance of a drug trafficking crime. We previously affirmed both defendants' convictions and sentences in an unpublished opinion.

The Supreme Court vacated our prior decision as to DeCarlo and remanded the case to us for reconsideration in light of *Booker*. *DeCarlo v. United States*, 126 S. Ct. 130 (2005). For the reasons that follow, we reinstate our prior decision affirming DeCarlo's convictions and sentences.

Our circuit precedent holds that any argument not raised in a party's initial brief is considered abandoned. *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005). The *Booker* decision did nothing to abrogate that well-settled rule. *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001). DeCarlo made two arguments in his initial appellate briefs: (1) that the evidence was insufficient to support his convictions, and (2) that the district court erred in enhancing his sentence for obstructing justice and for playing a leadership role in the offense because the evidence did not support the enhancements. DeCarlo did not raise, in his initial appellate briefing, any issue regarding the constitutionality of the Guidelines. Nor

did he argue that his right to trial by jury was violated as a result of judicial fact-finding that enhanced his sentence. Thus, DeCarlo abandoned any *Booker* arguments he might have had.[1]

OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.

---

[1]In his supplemental briefing on remand, DeCarlo argues that, even if he failed to raise *Booker* arguments at sentencing and in his initial appellate briefing, he is entitled to plain error review now. This argument confuses failure to preserve an error in the trial court with abandonment of an issue on appeal. If a litigant fails to object or otherwise raise an issue in the district court but raises that same issue in his initial appellate briefs, he is entitled to plain error review by this court. However, whether a litigant objects in the district court or not, if he fails to raise the issue in his initial briefing to this appellate court, he has abandoned the issue and is not entitled to any appellate review of that question. *See United States v. Higdon*, 418 F.3d 1136, 1138 (11th Cir. 2005) (Hull, J., concurring in denial of rehearing en banc) (distinguishing between the prudential doctrines of plain error review and abandonment).