[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2007
THOMAS K. KAHN
CLERK

No. 04-11434
Non-Argument Calendar

_____

D.C. Docket No. 03-20291-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVAN MAURICE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 10, 2007)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, HULL and WILSON, Circuit Judge.

PER CURIAM:

This case is before the court for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). When this case was previously before us, we affirmed appellant's convictions on two counts of possession with intent to distribute heroin, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. United States v. Walker, 125 Fed.Appx. 977 (Table) (11th Cir. 2004). We now reinstate that decision.

In appealing his convictions, appellant did not challenge his sentences. He attempted to do so after the case had been fully briefed, however, by filing a motion for leave to file a supplemental brief challenging his sentences in light of Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 1531 (2004). His motion was denied. Appellant contends that the Supreme Court's mandate, directing that we give further consideration to his appeal in light of Booker, requires that we review his sentences – as if he had challenged them in a timely manner in United States v. Walker. We disagree. There is nothing in the Supreme Court's remand order that requires us to treat appellant's appeal as if he had challenged the constitutionality of his sentences under Booker. In the absence of such requirement, "we apply our well-established rule that issues and contentions not timely raised in the briefs are

deemed abandoned." <u>United States v. Dockery</u>, 401 F.3d 1261 (11th Cir. 2005).

<u>See</u> <u>also</u>, <u>United States v. Nealy</u>, 232 F.3d 825 (11th Cir. 2000).

OPINION REINSTATED.