[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15775
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 07, 2005**
**THOMAS  K. KAHN**
**CLERK**

D.C. Docket No. 02-00206-CR-J-21-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD PADMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(July 7, 2005)**

ON REMAND FROM THE SUPREME COURT OF
THE UNITED STATES

Before BIRCH, DUBINA and PRYOR, Circuit Judges

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). We previously affirmed the denial of Padmore's motion to withdraw his guilty plea. See United States v. Padmore, No. 03-15775 (11th Cir. Jul. 28, 2004). The Supreme Court vacated our opinion and remanded the case to us for further consideration in light of Booker. Padmore v. United States, __ U.S. __, 125 S. Ct. 1063 (2005).

On direct appeal, Padmore did not challenge his sentence and did not assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending or applying the Apprendi principle in his initial brief or during the time allowed to file a reply brief.[1] After the time to file a reply brief had expired, however, Padmore moved for leave to file a supplemental brief

---

[1] In supplemental briefing, Padmore argues that he initially raised a Booker issue in the district court when he argued that the fact-finding required for the weapons-enhancement unconstitutionally shifted the burden to the defendant. Padmore, however, admitted the facts underlying his offenses when he pled guilty to distribution of cocaine base and illegal possession of a firearm by a convicted felon, R1-13 at 1, 15, Factual Basis; R1-17; R3 at 23-26. In his plea, he also waived his right to appeal "except for an upward departure . . . , a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines" and agreed that he would be sentenced under the federal guidelines. R1-13 at 13; R3 at 16. Although Padmore initially argued that the weapons enhancement was unconstitutional, he withdrew the objection at sentencing and did not raise it on appeal. R6 at 4-5, 6-8.
　　Therefore, to the extent that Padmore initially raised a Booker error in the district court, he abandoned it. United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000). However, there is no Sixth Amendment violation under Booker where a defendant admits to facts that enhanced his sentence, United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005), and a plea agreement with broad waiver language will preclude an appeal on Booker grounds. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 125 S. Ct. 2279 (2005).

challenging his sentence under <u>Blakely v. Washington</u>, 542 U.S. \_, 124 S. Ct. 2531 (2004). We denied the motion and affirmed the denial of his motion to withdraw his guilty plea.

In <u>United States v. Dockery</u>, 401 F.3d 1261 (11th Cir. 2005) (per curiam), we addressed a similar situation: a remand from the Supreme Court with instructions to reconsider our opinion in light of <u>Booker</u> in an appeal in which the appellant did not raise either a constitutional or <u>Apprendi</u> challenge to his sentence. <u>Id.</u> at 1262. We applied "'our well-established rule that issues . . . not timely raised in the briefs are deemed abandoned,'" reinstated our previous opinion, and affirmed Dockery's sentence. <u>Id.</u> at 1262-63 (quoting <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam)). In his initial brief in this case, Padmore failed to assert an <u>Apprendi</u> challenge to his sentence.

We reinstate our previous opinion in this case affirming the district court's denial of Padmore's motion to withdraw his guilty plea and, upon reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's remand, affirm Padmore's sentence.

OPINION REINSTATED; SENTENCE AFFIRMED.