[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2005
THOMAS K. KAHN
CLERK

No. 03-14358
Non-Argument Calendar
_____

D. C. Docket No. 02-00313-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIEGFRIED DOUGLAS MCGHEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 25, 2005)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Siegfried Douglas McGhee's appeal is before us on remand from the

Supreme Court of the United States for further consideration in light of United States v. Booker, 125 S. Ct. 783 (2005).  See McGhee v. United States, 125 S. Ct. 2287 (2005).  We previously affirmed McGhee's conviction and 87-month sentence for possession of five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B)(iii), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. 841(b)(1)(C).  United States v. McGhee, 125 Fed. Appx. 975 (11th Cir. 2004).  After review, we conclude that McGhee's failure to timely raise a constitutional challenge to his sentence precludes him from doing so on remand.  Accordingly, we reinstate our prior opinion and again affirm McGhee's conviction and sentence.

## BACKGROUND

A four-count indictment charged McGhee with: (i) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count One"); (ii) possession of five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B)(iii) ("Count Two"); (iii) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(C) ("Count Three"); and (iv) possession of a firearm in furtherance of a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Four").

The case proceeded to trial, where McGhee voluntarily testified, denying

2

knowledge of or involvement with the charged drug sales. Following the close of evidence, the district court granted McGhee's motion for a judgment of acquittal of Count Four. The jury then found McGhee not guilty of Count One, but returned guilty verdicts on Counts Two and Three.

The Pre-Sentence Investigation Report ("PSI") calculated a base level of 26, pursuant to § 2D1.1, then added: (i) a two level firearm possession enhancement under U.S.S.G. § 2D1.1(b)(1); and (ii) an additional two-level enhancement under § 3C1.1 for obstruction of justice, based on McGhee's denial of the charged drug sales at trial. With a total resulting offense level of 30 and a Criminal History Category I, the PSI's guideline imprisonment range was 97 to 121 months.

McGhee filed several objections to the PSI, including objections to the firearm enhancement and the obstruction of justice enhancement. However, none of McGhee's objections raised constitutional errors in sentencing, nor so much as mentioned McGhee's Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), or any case extending Apprendi. The district court sustained McGhee's firearm objection and overruled his objection to the obstruction of justice enhancement, for a resulting offense level of 28 and a sentencing range of 78 to 97 months' imprisonment. The district court imposed an 87-month sentence.

Though McGhee's initial brief on direct appeal raised several points of error

3

concerning his conviction, his only contention regarding his sentence focused on the obstruction of justice enhancement, which McGhee argued was inappropriate given the district court's failure to make sufficiently specific factual findings. As such, McGhee's initial brief made no argument that it was inappropriate for the judge to make such factual findings, nor did his brief raise his constitutional jury trial rights, the Apprendi decision, or any other argument implicating what became Booker. While McGhee later moved for permission to file a supplemental brief addressing Sixth Amendment issues, that motion was denied.

We affirmed McGhee's conviction and sentence. McGhee, 125 Fed. Appx. 975. McGhee then filed a petition for a writ of certiorari with the Supreme Court. On May 16, 2005, the Supreme Court granted that petition, vacating our opinion and remanding the case for further consideration in light of Booker.

## DISCUSSION

McGhee contends that his objection to the district court's enhancement for obstruction of justice, along with his contentions on direct appeal concerning that enhancement, have preserved the Booker issue for our review. The record does not support this argument. As discussed above, McGhee's PSI objection argued that the enhancement for obstructing justice was improper because as an issue of fact McGhee did not falsely testify at trial. Likewise, McGhee's obstruction-of-justice

4

arguments on appeal focused on the specificity of the district court's factual findings, not on the constitutionality of those factual findings. Because McGhee made no constitutional Booker-type arguments concerning the obstruction of justice enhancement before the district court or in his initial brief on appeal, we reject his contention that he has preserved the Booker issue for review. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005) (holding that appellant's non-constitutional sentencing objection failed to preserve Booker error, where that objection made no reference to the Sixth Amendment, the role of judge as fact-finder, the right to jury determination of disputed facts, or the Apprendi line of cases).

To the contrary, McGhee's failure to timely raise any Booker-type constitutional challenge to his sentence in the district court or in his initial brief on appeal precludes us from now considering the issue. Our precedent dictates that issues not timely raised in an appellant's initial brief are deemed abandoned. United States v. Levy, 379 F.3d 1241, 1244-45 (11th Cir. 2004), *vacated by* 125 S.Ct. 2542 (2005), *judgment reinstated by* United States v. Levy, – F.3d –, 2005 WL 1620719, at *2 (11th Cir. July 12, 2005). Prior precedent similarly holds that neither the procedural posture of this case, nor the Supreme Court's instructions on remand, permit any variance from the prudential Levy rule. United States v.

5

<u>Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001) (stating after a remand from the Supreme Court that "we apply our well-established rule that issues and contentions not timely raised in the briefs [prior to Supreme Court remand] are deemed abandoned"); <u>United States v. Dockery</u>, 401 F.3d 1261, 1262 (11th Cir. 2005) (declining to consider <u>Booker</u> where it was not raised in appellant's initial brief, notwithstanding Supreme Court remand for consideration in light of <u>Booker</u>).

Our opinion affirming McGhee's conviction and sentence is accordingly **REINSTATED**.