[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10744
Non-Argument Calendar

_____

D. C. Docket No. 03-00020-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELO J. GIORDANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 24, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Giordano v. United States, __ U.S. __, 125 S. Ct. 1944 (2005). We previously affirmed Giordano's sentence. See United States v. Giordano, No. 04-10744 (11th Cir. Dec. 9, 2004) ("Giordano I"). In his initial brief on appeal, Giordano argued that the district court abused its discretion by not grouping the money laundering and fraud charges under the United States Sentencing Guidelines. Id., slip op. at 5. The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of Booker.

Giordano did not assert error on the basis of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending or applying the Apprendi principle in the district court or in his initial brief on appeal.[1]

---

[1] On 16 July 2004, Giordano moved for leave to file a supplemental initial brief, arguing that his Sixth Amendment rights were violated because his sentence was enhanced based on facts neither determined by a jury beyond a reasonable doubt nor admitted by Giordano and citing Blakely v. Washington, 542 U.S. 296 , 124 S. Ct. 2531 (2004). See Giordano I, slip op. at 5-6. We denied Giordano's motion, citing United States v. Levy, 379 F.3d 1241 (11th Cir. 2004) (holding that an appellant waived a Blakely claim by failing to address it within his initial appellate brief). Giordano I, slip op. at 5. Giordano also raised a Blakely issue in his reply brief. Again, citing Levy, we refused to review it because it was not raised in Giordano's initial brief. See id. at 5-6.

By extension, an issue raised under Apprendi raises an issue pursuant to Blakely and Booker. United States v. Grant, 397 F.3d 1330, 1331 (11th Cir. 2005).

We note that, even if Giordano had timely raised Apprendi, or been granted leave to file a supplemental brief raising Apprendi, Giordano is unable to satisfy his burden to show that his substantial rights and the outcome of the proceedings were affected because Giordano was sentenced at the highest end of the guideline range and the district court expressed no reservation about imposing such a sentence. See generally R1-68; United States v. Shelton, 400 F.3d 1325, 1331-32 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, __U.S. __, 125 S. Ct. 2935 (2005).

2

In United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005) (per curiam), we addressed a case presenting a similar procedural situation: a remand from thehy Supreme Court with instructions to consider our opinion in light of Booker in an appeal in which the appellant did not raise either a constitutional or Apprendi challenge to his sentence. Id. at 1262. In Dockery, we applied "our well-established rule that issues . . . not timely raised in the briefs are deemed abandoned," reinstated our previous opinion, and affirmed Dockery's sentence. Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam)). Such is the procedure we will follow in this case because Giordano failed to raise an Apprendi challenge to his sentence in his initial brief.

We reinstate our previous opinion and, upon reconsideration in light of Booker, pursuant to the Supreme Court's remand, affirm Giordano's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**