[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-11678
Non-Argument Calendar

_____

D. C. Docket No. 03-20587-Cr-Gold

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO V. SAENZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 14, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Saenz v. United States, _ U.S. _, 126 S. Ct. 321 (2005). We previously affirmed Saenz's sentence and conviction. See United States v. Saenz, No. 04-11678 (11th Cir. Dec. 30, 2004) (per curiam).

Following Saenz's conviction, the probation officer recommended a two-level adjustment to Saenz's base offense level. Saenz objected to the factual basis for the adjustment and, at the sentencing hearing, introduced expert testimony regarding the applicability of the enhancement in this case. R6 at 14-17, 23. The district court found, by a preponderance of the evidence, that Saenz was "not only a supervisor but was an organizer and leader" based on Saenz's decision-making authority concerning the transaction, including the price of the cocaine and the times and places of the meetings regarding the purchase of the cocaine. Id. at 87. The district court also noted that Saenz was identified by one of his co-conspirators, whom the district court found credible, as the owner of the cocaine and that Saenz directed and supervised at least two associates, one of whom delivered the cocaine. Id. The district court observed that Saenz's witness had not reviewed the evidence and rejected his testimony as "speculation and conjecture." Id.

On appeal, Saenz argued, inter alia, that the imposed sentencing enhancement as an organizer or leader was unconstitutional because it was based on conduct which had neither been submitted to the jury nor proven beyond a reasonable doubt, citing Blakely v. Washington, 542 U.S. 296, 126 S. Ct. 2531 (2004) and Booker. Because we had previously ruled held that Blakely did not impact the application of the Sentencing Guidelines, we held that the district court did not commit plain error. Saenz, slip. op. at 20-21. The Supreme Court vacated our prior judgment and remanded for further consideration in light of Booker. Saenz, __ U.S. at __, 126 S. Ct. at 321.

After remand, we directed the parties to file supplemental briefs providing us with: (1) a description of when, where, and how the Booker issue was first raised; and (2) any arguments about whether and how the Booker decision applies in this case and what action should be taken. In supplemental briefing, Saenz argues that his sentence falls within both constitutional and statutory Booker error because his sentence was enhanced based on facts not supported by the jury's verdict or proved beyond a reasonable doubt. He maintains that he was prejudiced and notes that his sentence was at the bottom of the guideline range and that the district court's findings of fact were made under a preponderance of the evidence, instead of a beyond a reasonable doubt, standard. He also contends that the district

3

court applied the Sentencing Guidelines as mandatory but commented that it was doing so with "some reluctance" and did not review all of the 18 U.S.C. § 3553 statutory factors.

Because Saenz raised the Booker issue for the first time on appeal, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, _ U.S. _, 125. S. Ct. 2935 (2005). Under plain error review, we will reverse only if "there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. The defendant does not meet his burden of showing that the error affected his substantial rights if we must speculate as to how he would have been sentenced without the error. United States v. Williams, 408 F.3d 745, 748-49 (11th Cir. 2005) (per curiam). If the defendant is able to show that the three conditions are met, we may exercise our discretion to notice the "forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Rodriguez, 398 F.3d at 1298.

There are two types of Booker error – (1) a "constitutional" error of imposing a sentence enhancement based upon a judicial finding that goes beyond the facts admitted by a defendant or found by a jury, and (2) a "statutory" error of imposing a sentence under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Under Booker, a constitutional

4

error occurs when a defendant is subjected to "extra-verdict enhancements used in a mandatory guidelines system." Rodriguez, 398 F.3d at 1300. Under Booker, a statutory error occurs when a defendant is sentenced "under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (quotation and citation omitted).

Following Booker, district courts must continue to consult the Guidelines in formulating a defendant's sentence and must correctly calculate a defendant's Guidelines sentencing range, United States v. Jordi, 418 F.3d 1212, 1215 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 812 (2005), including the provisions addressing extra-verdict enhancements. Rodriguez, 398 F.3d at 1300. A resentencing proceeding would thus involve "exactly the same evidence presenting exactly the same factual issues . . . already resolved" and would require the district court "to at least consider exactly the same guideline enhancement provisions it has already applied." Id. at 1300-01.

Saenz satisfies the first and second prongs of the plain error analysis for both constitutional and statutory error because his sentence was enhanced, under a mandatory guidelines system, based on facts not found by a jury under a reasonable doubt standard but found by the district court under a preponderance of

5

the evidence standard. There is no indication in the record, however, that this error affected the outcome of Saenz's sentence.

The district court commented that it had considered the evidence presented during the sentencing hearing and during the trial. See R6 at 85. It noted that it had considered the testimony of Saenz's coconspirator, Perez, regarding Saenz's offense conduct and found it credible. Id. at 87. Reviewing the law, the district court remarked that Saenz would qualify for an enhancement as organizer or manger if he had supervised merely one other person and that Saenz's role far surpassed that threshold. Id. at 86-87. The court recited that Saenz "had all of the decision-making authority concerning [the cocaine] transaction and this conspiracy[], . . . set the price," "controlled the meeting places and times," "supervised and directed his associates," including the individual who delivered the cocaine, and that "all the transactions were completed" "through him." Id. at 87. Based on the district court's consideration of this evidence, Saenz is unable to satisfy the third prong. See Williams, 408 F.3d at 754-56 (declining to remand under a Booker plain error analysis where the witnesses's testimony and the district judge's commentary on the evidence and consideration of the Guidelines did not indicate a reasonable probability of a different result if the Guidelines had been imposed in an advisory manner); United States v. Fields, 408 F.3d 1356, 1360

(11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 221 (2005) (declining to remand under a Booker plain error analysis where the evidence established the sufficient number of supervisees for a manager or supervisor enhancement).

Further, Saenz cannot show that he would have received a more lenient sentence if the district court had considered the Guidelines in an advisory capacity. Saenz was sentenced to the lowest sentence within the appropriate Guidelines sentence range of 188-235 months. R6 at 90-91. The district court found that the 188 month sentence was "sufficiently punitive" but noted that Saenz's submission of an untruthful safety valve statement justified a "much higher" sentence within the Guidelines range.[1] Id. at 89, 90, 91. The district court expressed no doubt or hesitation about the propriety of the imposed sentence but only that it felt the sentence to be appropriate rather than merely mandated. Without more, Saenz is not able to show prejudice. See Fields, 408 F.3d at 1361 ("the fact that the district court went as low as it could under the mandatory guidelines system, without more, is [too speculative and is] not enough to carry that burden.")

Last, Saenz contends that the district court erred by failing to consider the factors enumerated in 18 U.S.C. § 3553(a) in calculating his sentence. Saenz failed

---

[1] Despite Saenz's argument, the district court's statement of "reluctance" was in sentencing Saenz to 188 months instead of a higher sentence although it believed that a higher sentence might have been justified. R6 at 91.

to request specific findings on the § 3553(a) factors at sentencing, see R6 at 95,

and did not raise the issue in the district court or in his initial brief on appeal, and

the Supreme Court's remand instructions do not require us to consider new issues.

We will not, therefore, consider it.[2] See United States v. Dockery, 401 F.3d 1261,

1262-63 (11th Cir. 2005) (per curiam), cert. denied, __ U.S. __, 126 S. Ct. 442

(2005).

Because Saenz is unable to establish that he would have received a lesser

sentence if the guidelines had been advisory, he is unable to show plain error in the

district court's sentence. We, therefore, reinstate our previous opinion in this case

and affirm Saenz's sentence after our reconsideration in light of Booker, pursuant

to the Supreme Court's remand.

**OPINION REINSTATED IN PART; SENTENCE AFFIRMED.**

---

[2] We note, however, that the district court expressly commented that it had considered punishment in sentencing Saenz. R6 at 90-91; see United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam) ("[W]e would not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision.")