[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17179
Non-Argument Calendar

_____

D. C. Docket No. 05-00341-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME VELASQUEZ-CABRERE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 10, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Jaime Velasquez-Cabrere ("Cabrere") appeals his 46-month sentence for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b). We find that, after correctly calculating the Guidelines sentencing range, the district judge sufficiently considered the factors listed in 18 U.S.C. § 3553(a), and, based on our review of the record, we also find that Cabrere's sentence is reasonable. Accordingly, we AFFIRM.

## I. BACKGROUND

In June 2005, Cabrere was present in the United States after having been deported and re-entering without the permission of the Attorney General or the Secretary for the Department of Homeland Security. He had been deported in December 2000 after a 1998 Alabama conviction and 15-year sentence for second-degree robbery. A grand jury indicted Cabrere on one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he pled guilty without a plea agreement.

The probation officer gave Cabrere a base offense level of 8, based on U.S.S.G. § 2L1.2 (2004). Because Cabrere had been deported after a felony robbery conviction for which the sentence imposed exceeded 13 months, the probation officer increased Cabrere's offense level by 16 levels, pursuant to § 2L1.2(b)(1)(A). The offense level was then decreased by three levels because

2

Cabrere had entered a timely guilty plea and been truthful regarding his involvement in the offense. See U.S.S.G. § 3E1.1. This gave him a total offense level of 21.

Cabrere's other previous convictions for theft by shoplifting in 1994 and carrying a concealed weapon in 1996, in addition to the 1998 robbery conviction, resulted in a criminal history category of III. This gave him a guideline sentencing range of 46-51 months. The statutory maximum for Cabrere's offense was 240 months. See 8 U.S.C. § 1326(b)(2).

At the sentencing hearing, Cabrere argued for a downward variance from the Guidelines range based on the factors listed in 18 U.S.C. § 3553(a).[1] Cabrere argued that he had become so assimilated that he was generally better suited to live in the United States than in Honduras, his home country. Additionally, Cabrere argued that his wife, American-born daughter, and father all lived in the United States and, therefore, that he belonged here as well. Cabrere also pointed out that he had not committed any new crimes, but had been arrested for a violation of a 1996 probation. The court responded by pointing out that when Cabrere had previously resided illegally in the United States, he had committed several crimes,

---

[1] Cabrere's counsel expressed confusion about whether he should be requesting a departure under the Guidelines or a variance under Booker, but it is clear that he sought a variance under Booker. See R3 at 3-4.

including carrying a concealed weapon and robbery. The court observed that Cabrere had not supported his family since he resided in the United States, and Cabrere conceded this fact. R3 at 8.

Based on the fact that Cabrere had previously been convicted of shoplifting, carrying a concealed weapon, and robbery, in addition to the present charge, the court found that a sentence within the advisory guideline range, but at the bottom end of it, was appropriate. Carbrere was sentenced to 46 months in prison. The court noted that, during his incarceration, Cabrere would have the opportunity to "recognize his responsibilities both as a father and . . . a husband." Id. at 11. The court also noted that the sentence was "just punishment for the defendant's involvement in this offense [and met] the sentencing goals of punishment and general deterrence." Id. at 13. Neither party raised any objections to the sentence imposed. See id. at 13-14. On appeal, Cabrere now argues that the district court imposed an unreasonable sentence because it did not properly consider the factors in 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offense and Cabrere's history and characteristics.

## II. DISCUSSION

After the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Sentencing Guidelines are advisory and we review a

4

defendant's ultimate sentence for reasonableness.  See United States v. Eldick, 443 F.3d 783, 787 (11th Cir. 2006) (per curiam); United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam).  In sentencing, the district court must first consult the Guidelines and correctly calculate the guideline range, and then consider the factors listed in 18 U.S.C. § 3553(a).  Talley, 431 F.3d at 786.  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)).

"[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Further, "[r]eview for reasonableness is deferential," and "there is a range of reasonable sentences."  Talley, 431 F.3d at 788.  Finally, we expect a sentence within the applicable guideline range to be reasonable.  Id.

5

Here, the district court correctly calculated the guideline range and clearly considered the Guidelines advisory. See R3 at 10. The court's expressed concern over the number of Cabrere's past convictions demonstrates that it considered Cabrere's past criminal conduct and the circumstances surrounding the present charge. The court's observation that Cabrere had thus far failed at maintaining family ties and the suggestion that his sentence would allow him the opportunity to work on those relationships demonstrates the court's consideration of Cabrere's own history and characteristics. Id. at 8, 11. The court also explicitly considered the goals of punishment and general deterrence. Id. at 13. Finally, Cabrere's sentence at the bottom end of the Guidelines range, which was also well below the statutory maximum, carries an expectation of reasonableness. See Talley, 431 F.3d at 788; United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam) (finding a sentence reasonable where it was almost one-third of the statutory maximum). Thus, the court clearly considered several factors listed in §

3553(a) in addition to having properly considered the correctly calculated

Guidelines range.[2]  Accordingly, we find Cabrere's sentence to be reasonable.[3]

### III. CONCLUSION

Cabrere appeals his 46-month sentence for illegal re-entry into the United

States.  We find that, after correctly calculating the Guidelines sentencing range,

the district court sufficiently considered the factors in 18 U.S.C. § 3553(a) and

Cabrere's arguments.  In light of this and our review of the record, we find the

district court's sentence reasonable, and we **AFFIRM**.

---

[2]Cabrere argues that the district court did not make a sufficient record to permit proper appellate review.  First, however, we find the record sufficient to permit proper review.  Second, we have already held, for purposes of review for reasonableness, that a district court need not necessarily discuss every single § 3553(a) factor in imposing a sentence to prove he has considered them.  Scott, 426 F.3d at 1329-30.

[3]We need not address the government's contention that we lack jurisdiction to review a district court's decision not to depart downward because Cabrere, in failing to raise an issue of downward departure in his counseled brief, has abandoned it.  See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir.) (per curiam), cert. denied, 126 S. Ct. 442 (2005).