[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 14, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 03-16578
Non-Argument Calendar

_____

D.C. Docket No. 02-60200-CR- UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GARRY BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 14, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES OF AMERICA**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant's convictions and 360-month sentence, as well as the imposition of a $10,000 fine, for distribution, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession with intent to distribute cocaine (powder), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). See United States v. Baxter, Case No. 02-16578 (11th Cir. Jan. 4, 2005) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker.

In his initial brief, Appellant challenged the denial of his motion to suppress, the sufficiency of the evidence to support his conviction, and the district court's imposition of a $10,000 fine. Notably, Appellant did not assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the Apprendi principle. In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of Apprendi, we observed the following:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme

2

Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."). We extended the foregoing rule to preclude untimely challenges based on Booker. See United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005), cert. denied, No. 05-5714 (Oct. 11, 2005). In his initial brief in this case, Appellant asserted no such Apprendi (or its progeny) challenge to his sentence. Accordingly, we reinstate our previous opinion in this case and affirm, once again, Appellant's conviction and sentence after our reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**

TJOFLAT, Circuit Judge, specially concurring:

The court declines to consider appellant's Booker claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent, United States v. Ardley, and United States v. Dockery, which the court properly cites, requires us to disregard the claim for that reason. I therefore concur in the court's judgment. Were we no bound by such precedent, I would, for the reasons I have previously expressed, entertain appellant's Booker claim on the merits. See United States v. Higdon, 2005 U.S.App. LEXIS, at *17 (11th Cir. July 8, 2005).