[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13238
Non-Argument Calendar
_____

D.C. Docket No. 0:02-cr-60200-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR G. BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Baxter, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his April 2014 motion to reduce his sentence, pursuant to 18

U.S.C. § 3582(c)(2) and Amendment 599 to the Sentencing Guidelines.  After careful review, we affirm the district court.

Baxter was convicted of distributing at least five grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count 1), and possessing with intent to distribute a mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Count 5).

The presentence investigation report (PSI) applied the 2002 Sentencing Guidelines to assign Baxter a base offense level of 32 because he was responsible for 83.1 grams of crack cocaine and 491.5 grams of cocaine hydrochloride, pursuant to U.S.S.G. § 2D1.1(a)(3).  The offense level was increased by 2 because a firearm was possessed, pursuant to § 2D1.1(b)(2), for an adjusted offense level of 34.  However, because Baxter had three prior felony convictions for crimes of violence, he was classified as a career offender, pursuant to § 4B1.1(a).  Count 1 carried a statutory maximum penalty of life imprisonment, and thus Baxter's offense level became 37 under the career offender guidelines, pursuant to § 4B1.1(b)(1).  The PSI stated that the statutory range for Count 1 was 10 years' to life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 851, and that the statutory range for Count 5 was 0 to 30 years' imprisonment, pursuant to §§ 841(b)(1)(C), 851.  Based on an offense level of 37 and a criminal history

category of VI, Baxter's guideline range was 360 months' to life imprisonment.

The district court sentenced Baxter to 360 months' imprisonment for Count 1 and Count 5, to be served concurrently.  We affirmed Baxter's convictions on appeal.  *United States v. Baxter*, 127 F. App'x 471 (11th Cir. 2005), *vacated by* 544 U.S. 1013, 125 S.Ct. 1994, 161 L.Ed.2d 847 (2005) (remanding for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)), *opinion reinstated and sentence affirmed by* 152 F. App'x 878 (11th Cir. 2005).

In April 2014, Baxter filed the instant *pro se* § 3582(c)(2) motion for reduction of his sentence in light of Amendment 599.  The district court denied Baxter's § 3582(c)(2) motion because Amendment 599 did not apply to Baxter's sentence and because Baxter was sentenced as a career offender and thus his offense level was controlled by U.S.S.G. § 4B1.1 and was not affected by the underlying base offense level.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  Pursuant to § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission."  18 U.S.C.

3

§ 3582(c)(2) (emphasis added); *see also* U.S.S.G. § 1B1.10(a)(1).  "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).  The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).

Baxter's motion fails for multiple reasons, but the most glaring is the timing of Amendment 599.  Amendment 599 took effect in November 2000, before Baxter was sentenced in December 2003.  *See* U.S.S.G. App. C., Amend. 599.  Thus, Baxter was not "sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Baxter's remaining claims are not proper in a § 3582(c)(2) proceeding because they do not involve retroactive amendments to the Guidelines.  *See* 18 U.S.C. § 3582(c)(2); *Berry*, 701 F.3d at 376.

**AFFIRMED.**

4